UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REGINA HOLLOWAY,                                  ECF

                Plaintiff,                08 CV 02146 (AKH)

    -against-                                   ANSWER

J.P. MORGAN CHASE BANK, N.A.,

                Defendant.
------------------------------------------------------------X

        Defendant J.P. Morgan Chase Bank ("JPMC"), by its attorneys, the JPMorgan Chase Legal Department, Talee Zur (Potter), Assistant General Counsel, as and for its Answer to the Complaint ("Complaint") of Plaintiff Regina Holloway ("Plaintiff"), states as follows:

### AS TO JURISDICTION & VENUE

        1.    With respect to the allegations set forth in Paragraph 1 of the Complaint, the allegation set forth jurisdictional invocations to which no response is required.

        2.    Denies the allegations set forth in Paragraph 2 of the Complaint.

        3.    Denies the allegations set forth in Paragraph 3 of the Complaint.

        4.    With respect to the allegations set forth in Paragraph 4 of the Complaint, the allegation set forth statutory and jurisdictional invocations to which no response is required.

        5.    With respect to the allegations set forth in Paragraph 5 of the Complaint, the allegation set forth statutory and jurisdictional invocations to which no response is required.

167016:v1

6. With respect to the allegations set forth in Paragraph 6 of the Complaint, the allegation set forth statutory and jurisdictional invocations to which no response is required.

7. With respect to the allegations set forth in Paragraph 7 of the Complaint, the allegation set forth statutory and jurisdictional invocations to which no response is required.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11. Denies the allegations set forth in Paragraph 11 of the Complaint, except states that Defendant received the EEOC's Right To Sue Notice.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the .allegations set forth in Paragraph 13.

14. Denies the allegations set forth in Paragraph 14 of the Complaint, except state that the Defendant's records indicate that Plaintiff's was a resident of New York.

15. Denies the allegations set forth in Paragraph 15 of the Complaint.

16. Denies the allegations set forth in Paragraph 16 of the Complaint.

17. Denies the allegations set forth in Paragraph 17 of the Complaint, except admit that Plaintiff was employed by Defendant from September 2002-September 2004.

18. Admit the allegations set forth in Paragraph 18 of the Complaint.

19. Denies the allegations set forth in Paragraph 19 of the Complaint.

20. Denies the allegations set forth in Paragraph 20 of the Complaint.

21. Denies the allegations set forth in Paragraph 21 of the Complaint.

22. Denies the allegations set forth in Paragraph 22 of the Complaint.

23. Denies the allegations set forth in Paragraph 22 of the Complaint.

24. Admit the allegations set forth in Paragraph 23 of the Complaint, except states that.

25. Admit the allegations set forth in Paragraph 24 of the Complaint.

26. Denies the allegations set forth in Paragraph 25 of the Complaint, except state that Kevin performed the majority of Mr. Wenitzky's loan-related work.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

29. Denies the allegations set forth in Paragraph 28 of the Complaint.

30. Denies the allegations set forth in Paragraph 29 of the Complaint.

31. Denies the allegations set forth in Paragraph 30 of the Complaint, except state that on or about August 22, 2003, Mr. Holloway advised Mr. Wenitzky that she was not feeling well.

32. Denies the allegations set forth in Paragraph 31 of the Complaint.

33. Denies the allegations set forth in Paragraph 32 of the Complaint.

34. Denies the allegations set forth in Paragraph 33 of the Complaint.

35. Denies the allegations set forth in Paragraph 34 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint.

42. Denies the allegations set forth in Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint.

46. Admit the allegations set forth in Paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint.

48. Admit the allegations set forth in Paragraph 48 of the Complaint.

49. Admit the allegations set forth in Paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint.

53. Denies the allegations set forth in Paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint.

57. Denies the allegations set forth in Paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint.

59. Denies the allegations set forth in Paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint.

64. Denies the allegations set forth in Paragraph 64 of the Complaint.

65. Denies the allegations set forth in Paragraph 65 of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint.

68. Denies the allegations set forth in Paragraph 68 of the Complaint.

69. Denies the allegations set forth in Paragraph 69 of the Complaint.

70. Denies the allegations set forth in Paragraph 70 of the Complaint.

71. JPMC repeats and incorporates by reference each of its responses to Paragraphs 1 through 71 of the Complaint with the same force and effect as though fully set forth herein.

72. Denies the allegations set forth in Paragraph 72 of the Complaint.

73. Denies the allegations set forth in Paragraph 73 of the Complaint.

74. Denies the allegations set forth in Paragraph 74 of the Complaint.

75. JPMC repeats and incorporates by reference each of its responses to Paragraphs 1 through 75 of the Complaint with the same force and effect as though fully set forth herein.

76. Denies the allegations set forth in Paragraph 76 of the Complaint.

77. Denies the allegations set forth in Paragraph 77 of the Complaint.

78. Denies the allegations set forth in Paragraph 78 of the Complaint.

79. JPMC repeats and incorporates by reference each of its responses to Paragraphs 1 through 79 of the Complaint with the same force and effect as though fully set forth herein.

80. Denies the allegations set forth in Paragraph 80 of the Complaint.

81. Denies the allegations set forth in Paragraph 81 of the Complaint.

82. Denies the allegations set forth in Paragraph 82 of the Complaint.

83. JPMC repeats and incorporates by reference each of its responses to Paragraphs 1 through 83 of the Complaint with the same force and effect as though fully set forth herein.

84. Denies the allegations set forth in Paragraph 84 of the Complaint.

85. Denies the allegations set forth in Paragraph 85 of the Complaint.

86. Denies the allegations set forth in Paragraph 86 of the Complaint.

87. JPMC repeats and incorporates by reference each of its responses to Paragraphs 1 through 87 of the Complaint with the same force and effect as though fully set forth herein.

88. Denies the allegations set forth in Paragraph 88 of the Complaint.

89. Denies the allegations set forth in Paragraph 89 of the Complaint.

90. Denies the allegations set forth in Paragraph 90 of the Complaint.

91. JPMC repeats and incorporates by reference each of its responses to Paragraphs 1 through 91 of the Complaint with the same force and effect as though fully set forth herein.

92. Denies the allegations set forth in Paragraph 92 of the Complaint.

93. Denies the allegations set forth in Paragraph 93 of the Complaint.

94. Denies the allegations set forth in Paragraph 94 of the Complaint. Denies the allegations set forth in Paragraphs (A) through (G) of the Wherefore clause and further deny that Plaintiffs is entitled to the remedies or relief sought in Paragraphs (A) through (G) of the Wherefore clause.

95. Denies each and every Paragraph of the Complaint not otherwise answered herein.

## AFFIRMATIVE DEFENSES

JPMC sets forth its defenses to Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint, or portions thereof, fails to state a cause of action upon which relief may be granted or upon which the damages sought can be awarded.

### SECOND DEFENSE

The Complaint, or portions thereof, is barred by Plaintiff's own actions.

### THIRD DEFENSE

At all times relevant hereto, JPMC acted in good faith and has not violated any rights which may be accorded to Plaintiff under any federal, state or local law, rule, regulation or guideline.

## FOURTH DEFENSE

Any and all actions taken by JPMC with respect to Plaintiff and Plaintiff's employment were based upon legitimate, non-discriminatory business reasons totally unrelated to Plaintiff's alleged race and age and were without any discriminatory animus or in violation of any rights under any discrimination laws.

## FIFTH DEFENSE

The Complaint, or portions thereof, is barred by Plaintiff's failure to satisfy the jurisdictional prerequisites, appropriate statutes of limitations and/or conditions precedent to filing an action under the relevant statutes.

## SIXTH DEFENSE

The Complaint, or portions thereof, is barred by Plaintiff's failure to satisfy the applicable statutory limitations period(s).

## SEVENTH DEFENSE

Upon information and belief, Plaintiff's claims for damages are barred in that they failed to mitigate their damages.

## EIGHTH DEFENSE

All or part of damages sought are not available under the laws upon which this Complaint is based.

## NINTH DEFENSE

The Complaint, or portions thereof, is barred because JPMC exercised reasonable care to prevent discrimination protected by any applicable laws.

## TENTH DEFENSE

The Complaint, or portions thereof, is barred because JPMC corrected promptly any alleged discriminatory behavior protected by any applicable laws.

## ELEVENTH DEFENSE

The Complaint, or portions thereof, is barred because Plaintiff unreasonably failed to take advantage of preventive opportunities or to avoid harm otherwise.

Dated:    New York, New York
          June 3, 2008

**JPMorgan Chase Legal Department**

By: _____
Talee Zur (Potter), Esq. (TZ 4342)
Attorney(s) for Defendant(s)
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-2569
tale.zur.potter@chase.com

To:   **OUTTEN & GOLDEN LLP**
      Ossai Miazad, Esq.
      Attorney(s) for Plaintiff
      3 Park Avenue, 29th Floor
      New York, NY 10016
      (212) 245-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
REGINA HOLLOWAY,                              :   ECF
                                              :
                      Plaintiff,              :   08 CV 02146 (AKH)
                                              :
        -against-                             :
                                              :   **ANSWER**
J.P. MORGAN CHASE BANK, N.A.,                 :
                                              :
                      Defendant.              :
-------------------------------------------------------- X

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

_STUART RADESH_, being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank.

That on the 3rd day of June, 2008 deponent served the within:

ANSWER

UPON:       OUTTEN & GOLDEN LLP
            Ossai Miazad, Esq.
            Attorney(s) for Plaintiff
            3 Park Avenue, 29th Floor
            New York, NY  10016
            (212) 245-1000

at the address designated for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____

Sworn to before me this
3 day of June, 2008

_____
Notary Public

MARLENE M. THOMPSON
Notary Public, State of New York
No. 01TH6161011
Qualified in Kings County
Certificate filed in New York County
Commission Expires February 12, 2011

167007:v1